# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 14-107-KD-2 |
| | ) |
| ULRICK EUGENE CAMPBELL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Ulrick Eugene Campbell's pro se motion for early termination of supervised release. (Doc. 82). The United States was afforded an opportunity to respond, but it declined to do so. See (Doc. 83).[1] The United States Probation Office's opinion was solicited on Campbell's motion. It recommends early termination of supervision. For the reasons explained below, the motion will be granted.

Campbell pleaded guilty to possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 45 (Order on Guilty Plea)). Back in January 2015, this Court sentenced Campbell to a prison term of 33 months, followed by 36 months of supervised release. (Doc. 69 (Judgment)). According to the Bureau of Prisons, he was released from custody on March 3, 2017. He has therefore completed in excess of two-thirds of his supervised release term.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if

---

[1] The Assistant United States Attorney relayed his lack of objection to the Probation Office.

it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Factors to consider include the defendant's history and characteristics, deterrence to criminal conduct, protection of the public from future crimes by the defendant, and the need for educational training or other types of care in the most efficient manner. See 18 U.S.C. § 3583(e) (referencing § 3553(a) factors to be considered).

Campbell writes that since his release from custody in 2016 he has not reoffended, including even receiving a traffic citation. He further writes that he has been compliant with the terms of his supervised release and that he has maintained steady employment since 2017. Moreover, he writes that he has successfully pursued a Commercial Driver's License, which involved classes at Bishop State Community College. Campbell writes that the opportunity for increased income motivates him to seek early termination. As a result of the conditions of supervised release, his ability to freely travel is restricted; this has hampered his efforts at increased income. He also wants to initiate the process of restoring his voting rights.

In support of his motion, Campbell included numerous letters attesting to his (i) employment status; (ii) professionalism; (iii) efforts at financial stability; (iv) disposition as a student; and (v) contributions as an employee. See (Doc. 82 at 2–5). These letters corroborate that Campbell's life since incarceration has been marked by his efforts to reintegrate into society and function as a productive member. In addition, the Probation Office's report states that Campbell "has had no negative reports to the court while on supervision, no arrests, and [has] met the objectives of his supervision set by the Court." The report further states that Campbell has maintained a stable residence and steady employment throughout the duration of his supervised release.

Upon consideration of the factors Congress established, the United States' lack of opposition, and the Probation Office's recommendation, Campbell's motion is **GRANTED**.

The Clerk is directed to mail a copy of this order to Campbell.

**DONE** the 30th day of April 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**